JACKSON, *ex dem.* ELIZABETH VROOMAN and others,
*against* HAINES.

A female les-
sor of the
plaintiff in an
action of
ejectment, is
not exempt
from an at-
tachment for
non-payment
of the defen-
dant's costs;
where they do
not exceed 50
dollars.

The statute,
exempting fe-
males from
imprisonment
on execution,
does not ap-
ply to such a
case.

A MOTION was made for an attachment against Elizabeth
Vrooman, one of the lessors of the plaintiff, for non-pay-
ment of the defendant's costs, which had been taxed on a
verdict in his favor at $33 50.

Her counsel objected, that the lessor being a female is not
subject to arrest and imprisonment for costs, incurred as a
lessor, unless they amount to more than 50 dollars. He re-
lied upon the provision in the 34th section of the act for the
amendment of the law (1 R. L. 527,) exempting females
from imprisonment upon civil execution for any recovery
which does not exceed that sum. Attachments are in the
nature of civil executions, (5 John. Rep. 115,) and the le-
gislature so consider them in the act for relief of debtors, &c.
(1 R. L. 348, s. 1.)

*Curia.* We think the statute, relied upon, does not apply
to this case. It is that no female person shall be imprison-
ed upon execution in any civil action for debt or dama-
ges, in which the debt or damages shall not, exclusive of
costs, exceed 50 dollars. The terms made use of do not
reach the case; and the consequence of applying them to
an attachment for costs against a female lessor, would be to
deprive the defendant of all remedy. An attachment is the
only process by which the costs can be collected. The law
does not give an execution against the goods, so that both
person and property would be exempt in all cases where the
costs are not more than 50 dollars. This never could have
been the intention of the legislature. Indeed, they have

given a construction to the first section of the act for the relief of debtors with respect to the imprisonment of their persons, (1 R. L. 348,) the phraseology of which is much like this section ; which shows that they never could have meant an absolute exemption. In 1813, (sess. 36, ch. 203, s. 49,) they passed an act declaring that nothing in the first section of the act for the relief of debtors, &c., should be constructed to embrace the imprisonment of the plaintiff or the lessors of the plaintiff for costs only. If there had otherwise being any doubt upon our minds, it would have been removed by this declaratory law. We are clear that this lessor is not exempt from the process of attachment, either by the terms or policy of the statute.